1  SEYFARTH SHAW LLP
David D. Jacobson (SBN 143369)
2  *djacobson@seyfarth.com*
2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-2901
Telephone: (310) 201-1508
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
Laura J. Maechtlen (SBN 224923)
6  *lmaechtlen@seyfarth.com*
Kerry M. Friedrichs (SBN 198143)
7  *kfriedrichs@seyfarth.com*
Megha J. Charalambides (SBN 310892)
8  *mcharalambides@seyfarth.com*
560 Mission Street, 31st Floor
9  San Francisco, California 94105
Telephone: (415) 397-2823
10  Facsimile:  (415) 397-8549

11  Attorneys for Defendant
DEL MONTE FOODS, INC.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16

ANNETTE BRUCE, BRYAN AUSTIN,          )   Case No. 16-cv-5891-JD
17  DEREK STEWART, FRANK GONZALES,        )
MIGUEL HERRERA, AND RAYMOND           )   **DEFENDANT DEL MONTE FOODS,**
18  RAYA, on behalf of themselves and others  )   **INC.'S NOTICE OF MOTION AND**
similarly situated as well as on behalf of the )   **MOTION TO DISMISS**
19  State of California and other aggrieved    )
employees in a representative capacity,    )   **[FRCP 12(B)(6)]**
20                                          )
            Plaintiffs,                     )
21                                          )
                                            )
22        v.                                )   Date:      February 16, 2017
                                            )   Time       10:00 a.m.
23  DEL MONTE FOODS, INC.                   )   Dept.:     Courtroom 11, 19th Floor
                                            )   Judge:     Hon. James Donato
23            Defendant.                    )
                                            )   Complaint Filed: October 12, 2016
24                                          )
                                            )
25

26

27

28

DEFENDANT DEL MONTE FOODS, INC.'S MOTION TO DISMISS / CASE NO. 16-CV-5891-JD

1

## NOTICE OF MOTION AND MOTION

2

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

3      PLEASE TAKE NOTICE that on February 16, 2017 at 10:00 a.m., or as soon thereafter as the

4  matter may be heard, in the United States District Court, Northern District of California, San

5  Francisco Division, at 450 Golden Gate Avenue, San Francisco, California, Courtroom 11, 19th

6  Floor, before the Honorable James Donato, Defendant, Del Monte Foods, Inc., will and hereby does

7  move for an order dismissing Claims I-IV pursuant to Rule 12(b)(6) of the Federal Rules of Civil

8  Procedure, and Claim V pursuant to the Court's discretion under 28 USC § 1367.

9      Del Monte moves on the basis that (1) Plaintiffs fail to state a claim for disparate impact age

10  discrimination under the ADEA or FEHA because the allegations are speculative and conclusory, (2)

11  the ADEA disparate impact claim should be also be dismissed because the facts alleged show the

12  challenged policy is based on reasonable factors other than age, (3) the FEHA disparate impact

13  disability claim fails because the allegations are speculative and conclusory, (4) the Plaintiffs' failure

14  to state a FEHA claim for either disparate impact age or disability discrimination precludes their

15  claim for failure to prevent age and disability discrimination, (5) the FEHA class allegations should

16  be dismissed as conclusory and insufficient to satisfy Rule 23, and (6) the state law claims, including

17  the representative PAGA claim, should be dismissed together with the ADEA federal law claim, in

18  the interest of judicial economy, convenience, fairness, and comity.

19      This Motion is based upon the Notice of Motion and Motion, the accompanying

20  Memorandum of Points and Authorities, any other related documents filed in connection with this

21  Motion, the papers and records on file in this action, and such other written and oral argument as may

22  be presented to the Court.

23

24

25

26

27

28

1    DATED: January 10, 2017                    Respectfully submitted,

2                                               SEYFARTH SHAW LLP

3                                               By:   /s/ Laura J. Maechtlen
                                                David D. Jacobson
4                                               Laura J. Maechtlen
                                                Kerry M. Friedrichs
5                                               Megha J. Charalambides
                                                Attorneys for Defendant
6                                               DEL MONTE FOODS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND .................................................................................................. 1

    A.    General Allegations ............................................................................... 1

    B.    Plaintiffs' Legal Theories ...................................................................... 2

        1.    The Age Discrimination Claims ................................................. 2

        2.    The Disability Discrimination Claims ........................................ 3

        3.    The PAGA Claims ...................................................................... 3

III.  STANDARDS ON A MOTION TO DISMISS .................................................... 3

IV.   ARGUMENT ....................................................................................................... 4

    A.    The Conclusory Allegations Do Not State a Claim of Disparate Impact Age Discrimination Under Either the ADEA or FEHA ...................................................................................... 4

        1.    Plaintiffs Fail to Plead Facts Sufficient to Show Adverse Impact ........................ 5

        2.    The ADEA Disparate Impact Claim Also Fails Because The Attendance Policy Is Based on a Reasonable Factor Other Than Age ...................... 7

    B.    The Conclusory Allegations Do Not State a Disparate Impact Disability Discrimination Under FEHA ........................................................................... 9

    C.    Failure to Prevent Discrimination ........................................................ 11

    D.    The FEHA Class Action Allegations Do Not Meet Rule 23 Standards ........... 11

        1.    The Rule 23(a) Allegations Are Not Plausible. ......................... 12

        2.    The Rule 23(b)(3) Allegations Do Not State A Claim. ............. 13

    E.    The State Law Claims Should Be Dismissed For Lack of Subject Matter Jurisdiction .................................................................................... 14

V.    CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Acri v. Varian Associates, Inc.*,
  114 F.3d 999 (9th Cir. 1997) ................................................................................... 14

*Anderson v. Blockbuster Inc.*,
  No. 210CV00158MCEGGH, 2010 WL 1797249 (E.D. Cal. 2010) ........................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 1, 3, 4, 6, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................... 1, 4, 6, 10, 11

*Blye v. California Supreme Court*,
  No. CV 11-5046-DWM, 2014 WL 295022 (N.D. Cal. Jan. 21, 2014) ....................... 7

*Bodett v. Coxcom*, Inc.,
  366 F.3d 736, 743-44 (9th Cir. 2004). ...................................................................... 5

*Caviness v. Horizon Community Learning Center, Inc.*,
  590 F.3d 806 (9th Cir. 2010) ..................................................................................... 4, 6

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ................................................................................... 5

*Cozzi v. County of Marin*,
  787 F. Supp. 2d 1047 (N.D. Cal. 2011) ................................................................... 11

*Cummins v. City of Yuma, Arizona*,
  410 Fed. Appx. 72 (9th Cir. 2011) ............................................................................ 9

*DeLeon v. Time Warner Cable LLC*,
  2009 WL 9426145 (C.D. Cal. 2009) ......................................................................... 12

*Doyle v. City of Medford*,
  512 Fed. Appx. 680 (9th Cir. 2013) .......................................................................... 8

*Durante v. Qualcomm, Inc.*,
  144 Fed. Appx. 603 (9th Cir. 2005) .......................................................................... 9

*EEOC v. Pan American World Airways, Inc.*,
  No. C-81-3636-RFP, 1987 WL 97216 (N.D. Cal. July 31, 1987) ............................ 7

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ..................................................................................... 13

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ..................................................................................... 4, 6

*Exec. Software N. Am., Inc. v. U.S. Dist. Court,*
   24 F.3d 1545 (9th Cir. 1994)....................................................................................15

*Garcia v. Spun Steak Co.,*
   998 F.2d 1480 (9th Cir. 1993)..............................................................................6, 10

*Gardner v. Federal Express Corp.,*
   114 F. Supp. 3d 889 (N.D. Cal. 2015) ..............................................................9, 10, 11

*Hanon v. Data Products Corp.,*
   976 F.2d 497 (9th Cir. 1992)..............................................................................13, 14

*Katz v. Regents of the Univ. of Cal.*
   229 F.3d 831 (9th Cir. 2000).................................................................................5, 7

*Landmark Equity Fund, II, LLC v. Arias,*
   No. 1:15-CV-00202-JLT, 2015 WL 4224176 (E.D. Cal. July 10, 2015) ........................7

*Meacham v. Knolls Atomic Power Laboratory,*
   554 U.S. 84 ................................................................................................................7

*Ovieda v. Sodexo Operations, LLC,*
   No. CV 12-1750-GHK SSX, 2012 WL 1627237 (C.D. Cal. 2012)..........................11, 12

*Paige v. California,*
   291 F.3d 1141 (9th Cir. 2002).....................................................................................5

*Patel v. Nike Retail Services, Inc.,*
   No. 14-CV-04781-RS, 2016 WL 1241777 ...................................................................11

*Schechner v. KPIX-TV,*
   No. C 08-05049 MHP, 2011 WL 109144 (N.D. Cal. Jan. 13, 2011)...............................7

*Scott v. Kuhlmann,*
   746 F.2d 1377 (9th Cir. 1984).....................................................................................8

*Smith v. City of Jackson, Miss.,*
   544 U.S. 228 (2005)............................................................................................2, 8, 9

*Steshenko v. Albee,*
   42 F. Supp. 3d 1281 (N.D. Cal. 2014) .................................................................14, 15

*Stockwell v. City & County of San Francisco,*
   749 F.3d 1107 (9th Cir. 2014).....................................................................................5

*Stockwell v. City & County of San Francisco,*
   No. C 08-5180 PJH, 2015 WL 2173852 (N.D. Cal. May 8, 2015)................................13

*Stoklas v. Sun Community Federal Credit Union,*
   No. 11CV2384 JM WVG, 2012 WL 323771, at *3 (S.D. Cal. Aug. 7, 2012) .................6

*Sutton v. United Air Lines,*
   527 U.S. 471 (1999) ...................................................................................................3

iii

*Tatung Co. v. Shu Tze Hsu*,
   43 F. Supp. 3d 1036 (C.D. Cal. 2014) ...........................................................................8

*Till v. Saks Inc.*,
   2013 WL 5755671 ..................................................................................................11, 13

*United Mine Workers of America v. Gibbs*,
   383 U.S. 715 (1966) ..............................................................................................14, 15

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ...................................................................................8

*Wal-Mart Stores v. Dukes*,
   564 U.S. 338 (2011) ............................................................................................12

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ..............................................................................11

**Federal Statutes**

29 U.S.C.A. § 623(f)(1) .............................................................................................7

28 USC § 1367 .......................................................................................................14

ADA ...............................................................................................................3, 14

Age Discrimination in Employment Act ("ADEA") ........................................... *passim*

**State Statutes**

California Fair Employment and Housing Act ("FEHA") ..................1, 2, 4, 5, 9, 11, 13, 14

California Private Attorney General Act ("PAGA") ..................................................1, 3, 15

**Rules**

Fed. R. Civ. P. 8 ....................................................................................................3, 6

Fed. R. Civ. P. 8(a)(2) ..............................................................................................4

Fed. R. Civ. P. 12(b)(6) ............................................................................................4

Fed. R. Civ. P. 23 .............................................................................................11, 13

Fed. R. Civ. P. 23(a) .....................................................................................11, 12, 13

Fed. R. Civ. P. 23(b) .........................................................................................11, 13

Fed. R. Civ. P. 23(b)(3) .....................................................................................13, 14

Fed. R. Evid. 201 .....................................................................................................7

**Regulations**

29 C.F.R. § 1625.7(e)(2) .............................................................................................9

DEFENDANT DEL MONTE FOODS, INC.'S MOTION TO DISMISS / CASE NO. 16-CV-5891-JD

29 C.F.R. § 1625.7(e)(3) ................................................................................................9

29 C.F.R. § 1630.2 .......................................................................................................3

DEFENDANT DEL MONTE FOODS, INC.'S MOTION TO DISMISS / CASE NO. 16-CV-5891-JD

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.    INTRODUCTION**

     Plaintiffs sue Del Monte under the Age Discrimination in Employment Act ("ADEA"), the California Fair Employment and Housing Act ("FEHA"), and the California Private Attorney General Act ("PAGA"), on behalf of processing-plant employees who are both over the age of forty and "disabled." Plaintiffs' claims rest entirely on two fundamental presumptions that are speculative—and therefore fatal—to their suit. First, Plaintiffs speculate that individuals over age forty have less stamina, require more rest, and cannot work as often as those under forty. Second, Plaintiffs speculate that individuals with a disability, regardless of its nature, likewise have less stamina, require more rest, and cannot work as often as those without a disability. Plaintiffs' claims thus rely on conclusory and speculative allegations. Their failure to allege any fact to support their speculative theories requires that the Complaint be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

     Even a cursory examination of Plaintiffs' discrimination allegations reveals that they are conclusory and speculative: they do nothing more than paint a veneer of substance over statutory language. Because such allegations are insufficient to plead violations of the ADEA and FEHA, they should be dismissed. Likewise, Plaintiffs' preemptive attack on Del Monte's ADEA defense shows a misunderstanding of the law. The allegation that Del Monte has no reasonable basis (other than age) for the challenged policy conflates reasonableness with business necessity, and should be dismissed.

     Finally, the Court should dismiss the state law claims, including the PAGA claim, in light of the failed ADEA claim. At this early state of litigation, that action would be warranted to advance judicial economy, convenience, fairness, and comity, where the Court, having dismissed the ADEA claim, would lack original subject matter jurisdiction over the remaining claims.

**II.   BACKGROUND**

    **A.    General Allegations**

     Plaintiffs, employees at Del Monte's tomato processing plant in Hanford, California (the "Plant"), sued Del Monte on October 12, 2016. Compl. ¶¶ 1, 25. Plaintiffs allege that the "fresh pack" of the tomato season—when tomatoes are freshly harvested for packing—runs five to six months,

from June through November (the "Season"). Compl. ¶ 27. During the Season, the Plant runs continuously—twenty-four hours a day, seven days a week. *Id*. Plaintiffs claim that Del Monte, during the Season, schedules almost all non-managerial employees to work every day of the week, regardless of their status as seasonal or year-round employees. Compl. ¶¶ 27, 28, 33.

Plaintiffs allege an elaborate amalgamation of "rules" and "procedures" (the "Attendance Policies"), which allegedly penalize employees who do not, or cannot, work a seven-day week. Compl. ¶¶ 29-39.  Plaintiffs allege that employees who violate the Attendance Policies can be subject to discipline—including write-ups, suspension, and termination—depending on the nature and frequency of the violation. Compl. ¶¶ 30-34.

While Del Monte disputes the allegations, here it provisionally assumes their truth while showing that Plaintiffs have failed to present viable claims.

**B.      Plaintiffs' Legal Theories**

**1.      The Age Discrimination Claims**

The first and second claims, for disparate impact based on age, invoke the ADEA and FEHA, respectively. Compl. ¶¶ 42-45.  As to both claims, Plaintiffs rely on an offensive stereotype: "employees over the age of forty, as a group, have less physical stamina, experience more chronic pain, and require longer recovery times than employees who are under age forty." Compl. ¶ 44. Plaintiffs work this stereotype into an argument that persons over age 40, as a whole, have more difficulty working as hard and for as long as younger employees. Compl. ¶¶ 43-45. Plaintiffs contend that the Attendance Policies force older employees to either endure hardship or miss work and face discipline.  Compl. ¶ 43.

Plaintiffs plead no fact to support their conclusion that employees over 40 are inherently more frail than younger employees. Their allegation is itself a biased assumption regarding workers over the age of 40.[1] Although Plaintiffs point generally to "scholarly literature, expert reports and other evidence," they do not allege *any fact* in support. See Compl. ¶ 44. Plaintiffs fail to cite or attach a

---

[1] An employer that shared the Plaintiffs' prejudices against older workers would, of course, be contravening the ADEA. *See, e.g., Smith v. City of Jackson, Miss.*, 544 U.S. 228, 254-55 (2005) (concluding that Congress enacted the ADEA to prohibit discrimination based on "unfounded assumptions about the relationship between an individual's age and her ability to perform a job").

single example of such "scholarly literature."  There is simply no fact alleged to support these biased and conclusory allegations.

### 2.    The Disability Discrimination Claims

The claim for disparate impact disability discrimination is similarly unsupported by any fact to show a plausible claim for relief. A comparison between the age and disability discrimination claims reveals that Plaintiffs use the same speculative and conclusory language for both.  See Compl. ¶¶ 46-49. The claim for disparate impact disability discrimination entirely depends on the biased, unsupported, and speculative conclusion that employees with disabilities "have less physical stamina, experience more chronic pain, and require longer recovery times than employees who do not have disabilities." Compl. ¶ 48. This claim therefore fails for the same reasons as the age discrimination claim.[2] A conclusory allegation that "scholarly literature, expert reports, and other evidence" attest to the inherent weakness of employees with disabilities (Compl. ¶ 48) does not create a plausible inference that employees with a disability, regardless of its nature, are more apt to be disciplined under Del Monte's Attendance Policies. Yet Plaintiffs cite no disciplinary record for this assertion. They need to allege facts, not speculative conclusions, to support their claim.

### 3.    The PAGA Claims

Plaintiffs also assert a representative action under PAGA. Compl. ¶¶ 86-92. They allege that the Del Monte Attendance Policies violate the California Labor Code by requiring employees to work seven days per week during the Season and that these violations make Del Monte liable for civil penalties. Compl. ¶ 91. The Court should exercise its discretion and dismiss this claim along with dismissal of the claims that provided the basis for federal jurisdiction.

## III.  STANDARDS ON A MOTION TO DISMISS

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require detailed factual allegations, it demands more than mere conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[2] An employer that shared the Plaintiffs' prejudices against workers with a disability would, of course, be contravening the ADA.  A central aim of the ADA is to protect workers from the "myths, fears and stereotypes associated with disabilities." *Sutton v. United Air Lines,* 527 U.S. 471, 490 (1999) (quoting 29 C.F.R. §1630.2) (internal quotations omitted).

3

Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Under the rule, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 679 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citations omitted). Further, while courts "must take all of the factual allegations in the complaint as true" on a motion to dismiss, they are "not bound to accept as true a legal conclusion couched as a factual allegation. [C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citing *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996)) (internal quotations omitted).

Thus, on a motion to dismiss, a court must engage in a two-pronged analysis to determine the sufficiency of factual allegations. *See Iqbal*, 556 U.S. at 678-79. First, the court must disregard legal conclusions, as they are not entitled to the presumption of truth. *Id.* Second, the court must determine whether the remaining allegations, if taken as true, present a plausible claim for relief. *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

Because the Complaint does not meet these standards, it should be dismissed.

## IV.  ARGUMENT

### A.  The Conclusory Allegations Do Not State a Claim of Disparate Impact Age Discrimination Under Either the ADEA or FEHA

The disparate impact age discrimination claim relies on the core allegation that persons over age 40 need more rest and therefore cannot work as often as persons under age 40. The Complaint fails to allege any fact to show the plausibility of that conclusory allegation. This lack of factual allegations is fatal. *See Twombly*, 550 U.S. at 570 (a complaint cannot survive dismissal where its factual allegations are insufficient "to raise a right to relief above the speculative level").

4

### 1.     Plaintiffs Fail to Plead Facts Sufficient to Show Adverse Impact

As a threshold matter, "[t]he requisite prima facie case for a disparate-impact age discrimination claim under California's FEHA is parallel to that under the ADEA." *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1114 (9th Cir. 2014) (citing *Katz v. Regents of the Univ. of Cal.* 229 F.3d 831, 835 (9th Cir. 2000)). In *Stockwell*, the Ninth Circuit held that a claim for disparate impact age discrimination requires proof of "(1) the occurrence of certain outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular [age] produced by the employer's facially neutral acts or practices." *Stockwell*, 749 F.3d at 1114 (internal quotations and citations omitted); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291 (9th Cir. 2000) (holding that "[u]nder the disparate impact theory, employees must prove that a facially neutral employment practice had a discriminatory impact on older workers"). A plaintiff must not only point to an outwardly neutral employment practice and an adverse impact on persons of a certain age, but "must also demonstrate a causal connection between" the two. *Stockwell*, 749 F.3d at 1114. In addition, the disparate impact must lie in comparison to other similarly situated employees who are not part of the plaintiff's protected group. *See Paige v. California*, 291 F.3d 1141, 1144-45 (9th Cir. 2002); *Bodett v. Coxcom*, Inc., 366 F.3d 736, 743-44 (9th Cir. 2004).

Plaintiffs identify Del Monte's facially neutral Attendance Policy as the source of discriminatory impact. But they fail to plead facts to show how these policies had a disparate impact on employees over forty, because (1) Plaintiffs allege that most employees in the Plant are adversely affected by the Attendance Policy, and (2) the allegations regarding the disparate impact of the Attendance Policy on those over forty are conclusory and based on speculation.

Plaintiffs allege that the Attendance Policy applies to "[v]irtually all non-managerial employees." Compl. ¶ 27. Indeed, the Attendance Policy requires that "most employees at the Plant. . . go into work for more than one-hundred consecutive days during the Season." *Id*. Plaintiffs admit that Del Monte does not apply the Attendance Policy with any disparity: no one, "no matter his or her age" nor "the extent of his or her physical impairments" is permitted to opt out of the schedule or work a reduced schedule. Compl. ¶¶ 40-41. Yet somehow the harms resulting from the Attendance Policy—including "disciplinary write-ups and 'points'" as well as suspensions and firing due to

5

absences, and "non-economic harms like emotional distress, loss of enjoyment of life, and domestic discord"— allegedly fall most heavily on older workers. Compl. ¶¶ 42, 43. Plaintiffs contend, without support, that the disparate impact stems from the inherent weakness of those over forty, as compared to those under forty. *Id.* Their statement "that scholarly literature, expert reports and other evidence from experts in the fields of aging, gerontology, pain management and others demonstrate that employees over the age of forty require longer recovery time than employees who are under the age of forty" (Compl. ¶ 44) is nothing more than speculation that fails to meet the requirements of Rule 8. *See, e.g., Stoklas v. Sun Community Federal Credit Union*, No. 11CV2384 JM WVG, 2012 WL 3237716, at *3 (S.D. Cal. Aug. 7, 2012) ("pleading standards under *Iqbal* and *Twombly* require Plaintiff to go beyond the mere speculative and plausibly set forth factual allegations in support of the ADEA claim"); *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)) (finding that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim") (internal quotations omitted).

Moreover, in an age discrimination claim, the issue is not whether older workers experience harm from a facially neutral policy, but whether they experience that harm disproportionately as compared to the rest of the work force. *See Garcia v. Spun Steak Co.*, 998 F.2d 1480, 1486 (9th Cir. 1993). Plaintiffs do not allege that the harms they identify are harms that affect only older workers. Nor do Plaintiffs allege facts to show that older workers suffer greater harm from the Attendance Policy than do younger workers. Instead, Plaintiffs simply speculate that "those who are over the age of forty will have more difficulty *complying*" with the Attendance Policy than those under forty, and that "[e]mployees who are over the age of forty . . . require more time to recover from" physically demanding work. Compl. ¶ 43 (emphasis added). Even taken as true, these allegations are insufficient to show "that the employee population in general is not affected by the policy to the same degree." *Garcia v. Spun Steak Co.*, 998 F.2d 1480, 1486 (9th Cir. 1993) (emphasis added).[3] "The mere fact that

---

[3] As the Ninth Circuit stated more expansively: "The plaintiff may not merely assert that the policy has harmed members of the group to which he or she belongs. Instead, the plaintiff must prove the existence of adverse effects of the policy, must prove that the impact of the policy is on terms, conditions, or privileges of employment of the protected class, must prove that the adverse effects are

each person affected by a practice or policy is also a member of a protected group" is not enough to "establish disparate impact." *Schechner v. KPIX-TV*, No. C 08-05049 MHP, 2011 WL 109144, at *4 (N.D. Cal. Jan. 13, 2011) (citation and internal quotations omitted); *see Katz v. Regents of the University of California*, 229 F.3d 831, 835 (9th Cir. 2000) ("in order to prevail on a disparate impact claim of age discrimination, a plaintiff must prove that a challenged employment policy or practice, while facially neutral, has a disparate impact on certain employees *because* of their membership in a protected group") (citation and internal quotations omitted) (emphasis added).

Moreover, the Complaint is completely devoid of any factual allegations that would tend to support the Plaintiffs' claims. Simply alleging that "scholarly literature, expert reports, and other evidence" exists is not sufficient where, as here, the Plaintiffs essentially seek judicial notice of facts allegedly contained somewhere in these unidentified documents. *See Blye v. California Supreme Court*, No. CV 11-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("judicial notice of an adjudicative fact" is proper only where the fact is "not subject to reasonable dispute" because it is either "generally known" or "capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned") (quoting Fed. R. Evid. 201).

### 2.   The ADEA Disparate Impact Claim Also Fails Because The Attendance Policy Is Based on a Reasonable Factor Other Than Age

An ADEA claim is subject to the defense that the challenged practice reflects a reasonable factor other than age ("RFOA"). *See* 29 U.S.C.A. § 623(f)(1); *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, 84 (2008 (finding that the RFOA defense is an affirmative defense to an ADEA claim); *see EEOC v. Pan American World Airways, Inc.*, No. C-81-3636-RFP, 1987 WL 97216, at *4 (N.D. Cal. July 31, 1987) (analyzing RFOA affirmative defense to an ADEA claim); *Landmark Equity Fund, II, LLC v. Arias*, No. 1:15-CV-00202-JLT, 2015 WL 4224176, at *4 (E.D. Cal. July 10, 2015) (affirming that proper "affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true") (internal quotations and citation omitted).

---

significant, and must prove that the employee population in general is not affected by the policy to the same degree."

The RFOA defense, of course, is an affirmative defense distinct from and in addition to the "business necessity" defense. Application of the RFOA defense requires no resort to any proof of business necessity.

A court may grant a 12(b)(6) motion based on an affirmative defense where that "defense raises no disputed issues of fact." *See Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1057 (C.D. Cal. 2014) (quoting *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)) (quotations omitted). In other words, "a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in the [p]laintiff's favor, nonetheless show that the affirmative defense is apparent on the face of the complaint." *Id*. (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)) (internal quotations omitted).

Here, even if Plaintiffs had pleaded an ADEA claim for disparate impact age discrimination based on the Attendance Policy—which they have not—Del Monte could not be held liable, because the facts alleged show that the Attendance Policy reflects on reasonable factors other than age. *Id.*; *see Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233 (2005); *Doyle v. City of Medford*, 512 Fed. Appx. 680, 681 (9th Cir. 2013) (a disparate impact claim fails where the allegedly discriminatory practice falls within the RFOA defense).

As Plaintiffs admit, Del Monte is in the business of "processing . . . tomato products." Compl. ¶ 25. The "fresh pack" part of the tomato season runs from "roughly June 1st through November 15th of each calendar year (the 'Season')." Compl. ¶ 27. During the Season, "tomatoes are harvested and brought the [sic] Plant to be freshly packed and canned." *Id*. To maximize production of freshly harvested and canned tomatoes, Del Monte "operate[s] the Plant twenty-four hours a day during the Season," running three shifts each day. Compl. ¶ 27. Del Monte uses unique "[r]egulations and other policies and practices" to manage "employee work schedules and attendance" during the Season. See Compl. ¶ 38. These facts establish that Del Monte wishes to process and can as much fresh tomato harvest as possible while tomatoes are in season, and that doing so requires the Plant to run continuously. The Attendance Policies therefore reflect a desire to maximize the quality of product and the efficiency of production—both reasonable factors that have nothing to do with the age of its employees. Therefore, even if Plaintiffs had properly alleged that Del Monte's Attendance Policy

8

violates the ADEA, Del Monte could not be held liable. *See Cummins v. City of Yuma, Arizona*, 410 Fed. Appx. 72, 73 (9th Cir. 2011) (even where an employment practice "has a disparate impact on older workers, the employer is not liable under the ADEA if [the policy] is reasonable").

Plaintiffs' allegations to the contrary (Compl. ¶ 55) lack merit for several reasons.  First, Plaintiffs misinterpret EEOC regulations on the RFOA defense. The EEOC, in 29 C.F.R. § 1625.7(e)(2), merely notes "[c]onsiderations that are relevant to whether a practice is based on a reasonable factor other than age," without stating specific requirements for an RFOA defense. Indeed, the EEOC emphasizes: "No specific consideration or combination of considerations need be present for a differentiation to be based on reasonable factors other than age." 29 C.F.R. § 1625.7(e)(3).

Second, to the extent Plaintiffs allege that Del Monte must show that the Attendance Policy is based on business necessity to avoid liability under the ADEA (see Compl. ¶¶ 56-61), they misunderstand the standard. It is irrelevant whether, in the Plaintiffs' opinion, Del Monte might be able to implement another means of running the Plant with a full staff continuously throughout the Season. *See Durante v. Qualcomm, Inc.*, 144 Fed. Appx. 603, 607–08 (9th Cir. 2005) (the RFOA analysis, unlike the business necessity test,  does not require the employer to show there was no way to achieve its goals without creating an disparate impact) (citing *Smith v. Jackson,* 125 S. Ct. at 1546). Therefore, Del Monte's business and financial reasons for the Attendance Policy, as the Plaintiffs themselves acknowledge in the Complaint, refute Plaintiffs' disparate impact age discrimination claim under the ADEA.

**B.      The Conclusory Allegations Do Not State a Disparate Impact Disability Discrimination Under FEHA**

The disparate impact claim concerning disability is no more than a recast of the disparate impact claims concerning age. Here, too, the Plaintiffs fail to allege facts to support their claim.

A claim of disparate impact disability discrimination requires a showing that facially neutral employment practices have a disproportionate adverse effect on employees with a disability. *Gardner v. Federal Express Corp.*, 114 F. Supp. 3d 889, 904 (N.D. Cal. 2015). Accordingly, a "plaintiff may not merely assert that the policy has harmed members of the group to which he or she belongs. Instead, the plaintiff must prove the existence of adverse effects of the policy, must prove that the

9

1    impact of the policy is on terms, conditions, or privileges of employment of the protected class, must

2    prove that the adverse effects are significant, and must prove that the employee population in general

3    is not affected by the policy to the same degree." *Id.* at 900 (quoting *Garcia*, 998 F.2d at 1486).

4          The disability discrimination allegations are based on nothing more than speculation and legal

5    conclusions (Compl. ¶¶ 46-49) that fail to withstand a motion to dismiss. *Twombly*, 550 U.S. at 570

6    (factual allegations are insufficient where they do nothing more than "raise a right to relief above the

7    speculative level"). The disability claim, like the age claim, proceeds on an unproven stereotype. Here

8    the Plaintiffs' stereotype is that employees with disabilities have "more difficulty complying" with

9    Del Monte's Attendance Policy because employees with disabilities "require more time to recover

10   from . . . physically taxing work" and require more time "to rest in between shifts." Compl. ¶ 47.

11   Plaintiffs provide no details to substantiate this factual conclusion. And their claims are otherwise

12   nothing more than a recitation of the elements of disability discrimination. Compl. ¶ 46 (stating that

13   "disabled employees . . . are disproportionately affected by Del Monte's . . . In-Season Attendance

14   Policies" without providing any indication of whether or how employees *without* disabilities are

15   affected by the Attendance Policies); *id.* at ¶ 47 (concluding, without basis, that employees with any

16   physical impairment need "more time to recover from . . . physically taxing work . . . than employees

17   who are not disabled").

18         Moreover, as with their age claim, Plaintiffs again rely on unidentified "literature, expert

19   reports and other evidence from experts in relevant fields," asserting "that employees who have

20   disabilities, as a group, have less physical stamina, experience more chronic pain, and require longer

21   recovery times than employees who do not have disabilities." Compl. ¶ 48. Setting aside the deeply

22   offensive nature of the Plaintiffs' conclusion—presuming that those with disabilities somehow are

23   less able to perform essential job functions—the Plaintiffs' conclusion is simply that: a conclusion,

24   based on nothing more than conjecture. Such a strategy at the pleading stage cannot be given weight,

25   as it is precisely the type of frivolous, baseless claim that the federal pleading standards aim to

26   dissuade. *See Twombly*, 550 U.S. at 555 (affirming that a pleading "must contain something more . . .

27   than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action")

28   (internal quotations and citations omitted).  Claims based in speculation, rather than fact, deserve to be

dismissed.

### C.      Failure to Prevent Discrimination

Under the FEHA, a claim for failure to prevent discrimination is predicated on the existence of discrimination. *See Gardner v. Federal Express Corp.,* 114 F. Supp. 3d 889, 904 (N.D. Cal. 2015); *Cozzi v. County of Marin*, 787 F. Supp. 2d 1047, 1073 (N.D. Cal. 2011) (finding that "no suit may be maintained for violation of" an employer's "affirmative duty . . . to prevent discrimination" where "the plaintiff has not actually suffered any employment discrimination"). In that light, because the FEHA age and disability claims fail, so too does the claim for failure to prevent discrimination.

### D.      The FEHA Class Action Allegations Do Not Meet Rule 23 Standards

A plaintiff seeking to represent a class must satisfy the threshold requirements of Rule 23(a), as well as the requirements for certification under a subsection of Rule 23(b). *See Patel v. Nike Retail Services, Inc*., No. 14-CV-04781-RS, 2016 WL 1241777, at *3 ((N.D. Cal. Mar. 29, 2016) ("To obtain class certification, plaintiffs bear the burden of showing that they have met each of the four requirements or Rule 23(a) and at least one subsection of Rule 23(b).") (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)). Where the prerequisites of Rule 23(a) are satisfied, a court, applying a rigorous analysis,  must also find that plaintiff proves facts in support of at least one of the three subsections of Rule 23(b). *Id*.; *see Till v. Saks Incorporated*, No. C 11-00504 SBA, 2013 WL 5755671, at *3 (N.D. Cal. Sept. 30, 2013). The four requirements of Rule 23(a) are "numerosity," "commonality," "typicality," and "adequacy of representation." *Id*. Under Rule 23(b), a case may be certified as a class action only if (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefiting the class as a whole would be appropriate; or (3) the questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).

Setting aside the insufficiency of their FEHA claims, Plaintiffs' FEHA class allegations are conclusory at best and do not satisfy the requirements of either Rule 23(a) or Rule 23(b).

Courts may address the adequacy of class action allegations under *Twombly* and *Iqbal* on a motion to dismiss. *See, e.g. Ovieda v. Sodexo Operations, LLC,* No. CV 12-1750-GHK SSX, 2012

11

1   WL 1627237, at *4 (C.D. Cal. 2012) (granting defendant's motion to dismiss class allegations where

2   the allegations were conclusory and did "not meet the minimum pleading requirements"); *Anderson v.*

3   *Blockbuster Inc.*, No. 210CV00158MCEGGH, 2010 WL 1797249, at *3 (E.D. Cal. 2010) (dismissing

4   plaintiff's class allegations as insufficiently pleaded). In *Ovieda*, plaintiff's conclusory allegation that

5   her claims were "typical" because the employer subjected all hourly employees to identical violations

6   of the California Labor Code was insufficient to meet minimum pleading requirements. *Ovieda*, 2012

7   WL 1627237, at *4. The plaintiff's failure to allege any facts to show that any member of the putative

8   class had similar work experiences was fatal to her class allegations. *Id.* (also finding that plaintiff

9   failed to allege facts showing that common questions of fact or law could provide class-wide answers

10  and would be susceptible to class-wide proof).

11        Similarly, in *Anderson*, the court granted a motion to dismiss class allegations akin to those

12  here. *Anderson*, 2010 WL 1797249, at *4. In granting the motion, the court found the class claims

13  were insufficient and conclusory: the complaint needed to "allege more specific facts about the

14  Plaintiff, if not about the entire class." *Id.* (citing *DeLeon v. Time Warner Cable LLC*, 2009 WL

15  9426145 (C.D. Cal. 2009)). For the reasons discussed below, Plaintiffs' class allegations fare no better

16  than those of the plaintiffs in *Ovieda* and *Anderson*. Because the  class allegations are no more than

17  legal conclusions devoid of the facts needed to make their claims plausible, they should be dismissed.

18                    **1.      The Rule 23(a) Allegations Are Not Plausible.**

19        Plaintiffs' allegations in support of "commonality" merely recite that common questions of

20  law and fact exist as to all members of the putative class. Compl. ¶ 83. Plaintiffs attempt to support

21  this conclusion by listing purported common questions. *Id.* (e.g., "[d]o the In-Season Attendance

22  Policies have a disparate, adverse impact on Plant employees over the age of forty?"; "[d]oes a

23  business necessity exist for the In-Season Attendance Policies?"). But this list provides no fact to

24  explain how there are common answers to these questions nor how the court might obtain such

25  answers based on common proof. *See Wal-Mart Stores v. Dukes,* 564 U.S. 338, 350 (2011) ("what

26  matters to class certification is not the raising of common 'questions' . . . but, rather the capacity of a

27  classwide proceeding to generate common *answers* apt to drive the resolution of the litigation")

28  (internal quotations and citations omitted).

The "typicality" allegations are equally flawed. Plaintiffs simply say their claims are "typical" because Del Monte's FEHA violations affect all putative class members identically. Compl. ¶ 80. These allegations do little more than track the language of Rule 23. *See id.* This circuitous argument is insufficient to claim typicality under Rule 23, which requires a showing of ***facts***, not conclusions, that attest to whether class members have the same injury, whether the action is based on conduct not unique to the named plaintiffs, and whether other class members have been harmed by the same conduct. *Hanon v. Data Products Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The Complaint fails to do so, and thus fails to allege typicality.

Finally, the class allegations of "adequacy" also fall short of the requirements set forth under Rule 23. Plaintiffs yet again simply recite the Rule's legal standard in asserting that Plaintiffs will "fairly and adequately represent" class members. Compl. ¶ 84. Meanwhile, they provide no indication of whether they, or their counsel, have any conflicts that would impede their vigorous representation of class claims. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011); *Till v. Saks Inc.*, 2013 WL 5755671, at *7. For example, it is unclear whether any named Plaintiff was denied a promotion or preferred shift in favor of other putative class members. Plaintiffs should not be deemed adequate representatives of their alleged class in light of their failure to address such conflicts. *Id*.

### 2.    The Rule 23(b)(3) Allegations Do Not State A Claim.

While the insufficient class allegations under Rule 23(a) themselves are fatal , the claims are also subject to dismissal under Rule 23(b) because the Complaint fails to allege facts  to show that common questions of law and fact predominate over individualized questions. Plaintiffs thus have failed to show that a class action would be a superior method of resolution. *See Stockwell v. City & County of San Francisco*, No. C 08-5180 PJH, 2015 WL 2173852, at *6 (N.D. Cal. May 8, 2015) (denying class certification because of plaintiff's "fatal flaw": failing to address "the procedure for litigating" both the ADEA claims and the FEHA class claims).

Plaintiffs' allegations (Compl. ¶¶ 79, 83) again do nothing more than parrot the elements of Rule 23(b)(3).. First, to the extent there are any allegations regarding predominance, they are conclusory.  *See  id*. ("common questions . . . predominate over individual questions"). Likewise, Plaintiffs allege only conclusory allegations in support of their claim that a class action is superior. In

13

lieu of alleging facts supporting class allegations, Plaintiffs merely state that a "class action is superior to other available means for . . . adjudication" of their claims, that joinder is impracticable, and that common questions of fact and law predominate. Compl. ¶ 85. Plaintiffs do not provide any facts explaining *why* or *how* they arrive at these conclusions. As such, the Rule 23(b)(3) class action allegations warrant dismissal of the class action allegations. *See Hanon v. Data Products Corp.*, 976 F.2d at 508 (affirming denial of class certification).

### E.   The State Law Claims Should Be Dismissed For Lack of Subject Matter Jurisdiction

Under 28 USC § 1367, a district court "may decline to exercise supplemental jurisdiction over a claim" over which it has supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." Generally, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In that light, the Ninth Circuit has held that while the court has discretion to retain supplemental jurisdiction after dismissal of the underlying federal claim, when the federal claim is dismissed early in the case, the federal court should be strongly inclined to dismiss the state law claims without prejudice rather than retaining supplemental jurisdiction. *See Acri v. Varian Associates, Inc.,* 114 F.3d 999 (9th Cir. 1997) (affirming that dismissal of federal law claims before trial usually warrants declining supplemental jurisdiction over state law claims) (emphasis added); *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1295 (N.D. Cal. 2014) (stating that "a court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction" and therefore dismissing plaintiff's state law FEHA claims together with plaintiff's ADA and ADEA claims) (citations omitted).

The court's decision whether to exercise supplemental jurisdiction over state law claims in light of dismissal of federal law claims "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citations omitted); *see United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27 (1966) (finding that the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial in light of considerations of judicial economy, convenience, and fairness to litigants (i.e. the "*Gibbs*

14

factors")). Nevertheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *See Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1295 (citing *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994))

Because the parties are non-diverse, Plaintiffs' unfounded federal ADEA claim provides the sole basis for federal subject jurisdiction. Where, as here, the case has yet to proceed beyond the pleadings, few judicial resources would be wasted in dismissing the case. Likewise, dismissal would promote comity by allowing California courts to interpret state law concerning the state law claims in the first instance. Thus, the balance of factors here favors dismissal of the  state law claims, including the PAGA claim. The Court should therefore, in its discretion, dismiss the state law claims in light of the *Gibbs* factors and the strong inclination of federal courts to defer to state courts on state law.

## V. CONCLUSION

For the foregoing reasons, Defendant, Del Monte Foods, Inc., respectfully requests that its Motion to Dismiss be granted in its entirety, that the age and disability discrimination claims (counts one, two, three, and four) be dismissed, and that the PAGA claim likewise be dismissed, especially considering that this Court's sole grounds for subject matter jurisdiction is the unfounded ADEA claim.

DATED: January 10, 2017                    Respectfully submitted,

                                           SEYFARTH SHAW LLP


                                           By: */s/ Laura J. Maechtlen*
                                           David D. Jacobson
                                           Laura J. Maechtlen
                                           Kerry M. Friedrichs
                                           Megha J. Charalambides
                                           Attorneys for Defendant
                                           DEL MONTE FOODS, INC.

36008250v.15