UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE BRUCE,<br>　　　　　Plaintiff,<br>　　v.<br>DEL MONTE FOODS, INC,<br>　　　　　Defendant. | Case No. 16-cv-05891-JD<br><br>**ORDER RE FINAL APPROVAL** |

This orders grants final approval of the settlement under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.* ("PAGA"), for claims against defendant Del Monte Foods, Inc. ("Del Monte"). California Labor Code Section 2699(*l*)(2) requires the Court to review and approve the settlement. This order also resolves the motion for attorney's fees and related issues.

**The Settlement**

The settlement requires Del Monte to make a single payment of $904,872. This sum is treated exclusively as a civil penalty under PAGA. From the settlement, plaintiff requests attorney's fees in the amount of $225,000, reimbursement of $12,000 of actual litigation costs, and a $1,000 enhancement payment to Annette Bruce. Atticus Administration ("Atticus") will be paid no more than $10,000 to distribute the remainder of the settlement funds.

The remaining amount is the "Net Settlement." Seventy-five percent of the Net Settlement will be distributed to the California Labor and Workforce Development Agency ("LWDA") and twenty-five percent will be split on a pro rata basis (based upon length of employment) among the non-exempt employees who worked at Del Monte's tomato processing plant in Hanford (the "Plant") during the period August 6, 2015 through October 31, 2017 (the "Settlement Period"). The employees at the Plant are the putative "aggrieved employees" as defined in California Labor Code Section 2699(c). The division of the Net Settlement in the proportions of 75% to the LWDA

and 25% to the aggrieved employees is in accord with California Labor Code Section 2699(i).

Employees are not required to make any kind of claim to receive their share of the Net Settlement. Rather, Atticus will mail the settlement checks to the employees' addresses of record and attempt to obtain updated addresses and deliver any checks that are returned. After 180 days, any unclaimed funds will be sent by Atticus to the LWDA.

The settlement provides a release of claims for civil penalties under PAGA that arose out of violations of California's day of rest statutes, namely California Labor Code Sections 551-558.1, 1198 and 1199, to the extent those claims were alleged in plaintiff's complaint or could reasonably have been alleged based on Del Monte's alleged practice of scheduling employees to work seven days per week. The release is limited to the Settlement Period.

No objections to the settlement have been presented to the Court. The parties have advised the Court that the LWDA does not oppose the settlement terms.

Settlement of a PAGA claim does not necessarily follow the procedures governing class action settlements under Federal Rule of Civil Procedure 23. *See O'Connor v. Uber Techs.*, 201 F. Supp. 3d, 1110, 1134 (N.D. Cal. 2016). While the exact criteria for reviewing a PAGA-only settlement have not been established in our circuit, the Court is guided by the factors in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

In that regard, the Court finds that Del Monte has agreed to pay a significant monetary penalty for PAGA claims that were subject to considerable uncertainty on both sides of this case. The settlement amount of $904,872 exceeds the amount plaintiffs estimated would be recovered even with a successful litigation outcome. The parties reasonably vetted the claims and defenses through written discovery, motion practice, third-party subpoena practice, and informal exchanges of information. They settled after presenting an overview of the evidence and their legal arguments at a mediation before a qualified mediator.

Consequently, the Court finds that the settlement is fair and reasonable, and promotes the purposes of PAGA. Final approval is granted.

**Attorney's Fees And Related Issues**

After reviewing the materials submitted in support of the fees and costs requests, the Court awards $225,000 in attorney's fees and $12,000 in costs. *See* Miller Decl., ¶¶ 3-15, Exhibits 1 and 2. The fees and costs requests are unopposed by Del Monte.

The Court denies the request for a $1,000 "enhancement" award to plaintiff Bruce. The Court has explained in its orders under Rule 23 why so-called enhancement or incentive awards are to be treated with skepticism. Those same concerns apply here. Mainly in light of representations about possible injury and expense above and beyond those of the other employees receiving payments, the Court grants an award of $500 to Bruce.

**IT IS SO ORDERED.**

Dated: March 29, 2018

JAMES DONATO
United States District Judge